Stefanos VLAMAKIS, Plaintiff,

v.

Detective ROSS, Defendant.

No. 81 Civ. 6561 (JES).

United States District Court,
S.D. New York.

Oct. 31, 1984.

---

Stefanos Vlamakis, pro se.

David J. Gilmartin, Suffolk County Atty., Hauppauge, N.Y., for defendant; Chris

Termini, Asst. Suffolk County Atty., Hauppauge, N.Y., of counsel.

## OPINION & ORDER

SPRIZZO, District Judge.

Plaintiff pro se Stefanos Vlamakis filed an action in this Court against "Detective Ross"[1] on October 26, 1981. Plaintiff sued pursuant to 42 U.S.C. § 1983, alleging that Ross had harassed him, failed to provide him with a Greek interpreter, and forced him to sign certain papers at gunpoint, all in connection with plaintiff's arrest by Ross in February 1978.

Defendant Ross, a Suffolk County detective, filed a motion to dismiss the complaint as barred by the statute of limitations. While this motion was pending before the Court, plaintiff requested leave to file an amended complaint. The Court granted leave to amend by Order dated October 14, 1982.

On November 16, 1982 plaintiff filed an amended complaint naming as defendants Detective Ross and also the State of New York, the Department of Correctional Services, the superintendents of two prisons in which plaintiff had been incarcerated, as well as one of the prisons, various corrections officers, doctors, and medical staff personnel at the two prisons, a "correctional counselor," and another Suffolk County detective. This amended complaint did not make any allegation against Detective Ross, but appeared to address events subsequent and unrelated to the claims in the original complaint.

The Court granted defendant Ross' motion to dismiss the amended complaint, and further dismissed the amended complaint as to all defendants. Plaintiff was given leave to file a second amended complaint. *See Order* (November 24, 1982).

Plaintiff submitted to the Court a group of documents in Greek which the Court had translated into English, and which were

---

**1.** From defendant's answer, and various papers filed in this action, it appears that his real name is Rose, rather than Ross. The Court will refer to him as defendant "Ross," as this is the name under which plaintiff sues him.

deemed by the Court to be the second amended complaint. Since plaintiff failed to file this second amended complaint despite directions from the Court to do so, the Court ordered that the second amended complaint be filed and docketed in this action by the Clerk.[2]

Plaintiff's second amended complaint names in the caption as defendant only Detective Ross, and not any of the additional parties named in the first amended complaint. Moreover, this second amended complaint makes no mention of the original claims against Detective Ross arising out of the 1978 arrest, except to allege that plaintiff told a doctor on July 5, 1979 that his nerves were shaken as a result of a false arrest and the fact that "Ros [sic] had put a gun in my head and ordered me to sign that I am guilty." The only other mention of Detective Ross is a statement in the first paragraph of the second amended complaint alleging that when plaintiff was arrested in April 1979, apparently in Oakland, California, "Mr. Ros [sic] ordered to put me in isolation for 15 days. I was there without any bathroom facilities, and not able to notify anyone."

The rest of the second amended complaint is basically a narrative of alleged harassment, mistreatment, assault, threats and improper medical treatment suffered by plaintiff at the hands of various prison personnel in at least three prisons, all of which allegedly occurred *after* plaintiff was arrested in California in 1979 and extradited to New York, apparently on charges unrelated to the 1978 arrest by Detective Ross, and some of which apparently did not take place in this district. *See* Exhibits to Notices of Motions to Dismiss (filed Sept. 8, 1982; April 15, 1983).

It is not clear whether or not plaintiff intended that all persons mentioned in the second amended complaint should be defendants despite the fact that they are not named in the caption. Some of the persons discussed in this narrative were named defendants in the first amended complaint; others were not. Most of the persons named as defendants in the first amended complaint were served with the second amended complaint. There is no evidence, however, that Detective Ross was served with the second amended complaint.

The allegations regarding persons other than Detective Ross are totally unrelated to any of plaintiff's claims against Detective Ross, except for the fact that plaintiff claims that everything he has suffered has been in retaliation for his prosecution of this action against Detective Ross. Therefore, even assuming that those persons not named as defendants in the caption were intended to be defendants, none of the factual allegations against them arise out of the same transaction, occurrence, or series of transactions or occurrences as any claim against Detective Ross, nor do they involve any common questions of law or fact; they are therefore not properly joined in this action pursuant to Fed.R.Civ.P. 20. In granting plaintiff leave to file amended complaints, the Court did not intend to allow plaintiff to salvage claims against Detective Ross which were apparently barred by the statute of limitations by adding unrelated claims against other people based upon subsequent events.

Finally, the Court notes that no allegation against Detective Ross in any complaint arose in the Southern District of New York. Therefore, there is no reason to give plaintiff leave to file a third amended complaint with respect to these claims.

---

**2.** After the second amended complaint was received by the Court but before it was filed, defendant Ross filed a motion to dismiss. There is some confusion with respect to this motion. The motion appears to be addressed to the original and the first amended complaints. Subsequently, at the request of counsel for defendant Ross, by Order dated October 12, 1983, the Court provided that defendant Ross' motion to dismiss the original complaint be deemed to be in reference to the "amended complaint." Therefore, defendant Ross apparently had two motions pending against the first amended complaint, which had previously been dismissed. No motion has been filed which deals specifically with the second amended complaint. Nevertheless in the interest of judicial economy, the Court will deem these motions to be directed to the second amended complaint.

For all the reasons stated above, the second amended complaint is dismissed, without prejudice to plaintiff filing an action against Detective Ross in a district of appropriate venue, or filing a separate complaint against any other person based on any claim he may have against them in an appropriate district.

It is SO ORDERED.